45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David LITMON, Jr., Petitioner-Appellant,
v.
Eddie YLST, Respondent-Appellee.
 No. 94-16385.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 MEMORANDUM**
 David Litmon, Jr., a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. In 1982, Litmon was sentenced to 34 years' imprisonment after being convicted of rape, oral copulation by force, and lewd and lascivious conduct upon a child. Litmon contends that the district court erred when it dismissed his petition on abuse of the writ grounds. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), we affirm.
 In McCleskey v. Zant, 499 U.S. 467, 493-94 (1991), the Supreme Court held that a new claim raised in a subsequent habeas petition is barred as an abuse of the writ absent cause and prejudice or a fundamental miscarriage of justice. This rule applies retroactively. Harris v. Vasquez, 949 F.2d 1497, 1511-12 (9th Cir.1990). In order to demonstrate cause, petitioner must show that " 'some objective factor external to the defense' " prevented petitioner from raising the claim in his prior federal petition. McCleskey, 499 U.S. at 493 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). In order to meet the fundamental miscarriage of justice exception, petitioner must supplement his constitutional claim with a colorable showing of factual innocence. Id. at 494.
 A successive claim, previously raised and adjudicated on its merits in a prior petition, is barred unless the ends of justice require its reconsideration. Sanders v. United States, 373 U.S. 1, 15 (1963). The ends of justice exception permits a federal court to consider the merits of a successive claim if the petitioner supplements his claim of constitutional error with a colorable claim of actual innocence. Clark v. Lewis, 1 F.3d 814, 821 (9th Cir.1993).
 On July 31, 1987, Judge Aguilar denied Litmon's first habeas petition on its merits. In his first petition, Litmon alleged: (1) suppression of evidence by the prosecution; (2) misconduct by the prosecutor during trial and closing argument; and (3) ineffective assistance of trial and appellate counsel.
 On June 24, 1994, the district court denied Litmon's second petition on the grounds of abuse of the writ. Litmon's second petition reasserted Litmon's claims of ineffective assistance of trial and appellate counsel, and newly asserted that due process had been denied by the: (1) systematic exclusion of minorities from the jury selection process; (2) change of venue from San Jose to Santa Clara; (3) prosecutor's discriminatory use of peremptory challenges; and (4) abuse of discretion by the trial court.
 Litmon has failed to establish in district court or on appeal that: (a) cause and prejudice excuse his failure to raise his new claims in his prior petition; or (b) a fundamental miscarriage of justice would result if his new claims were not considered; or (c) the ends of justice require reconsideration of claims raised previously.
 
 
 1
 Accordingly, we affirm the district court's dismissal of Litmon's second petition on the grounds that it is successive and abusive. See McCleskey, 499 U.S. at 493-94; Sanders, 373 U.S. at 15; Harris, 949 F.2d at 1511-12.
 
 
 2
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3